UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BA SILVER,

                        Plaintiff,

v.

WARDEN MICHAEL MEISNER and
TRICIA WEISNICHT,

                      Defendants.

Case No. 25-CV-1259-JPS

**ORDER**

      Plaintiff BA Silver ("Plaintiff"), an inmate confined at Fox Lake Correctional Institution ("FLCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On September 4, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $1.70. ECF No. 6. Plaintiff paid that fee on September 22,

2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.  SCREENING THE COMPLAINT

    2.1   Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants Warden Michael Meisner ("Meisner"), and Tricia Weisnicht ("Weisnicht"). ECF No. 1 at 1. Meisner gave rules to workers on how their jobs are done. *Id.* at 2. On February 10, 2025, Plaintiff was walking through the dayroom when he slipped and fell. *Id.* He hit a table and broke his clavicle bone. *Id.* Plaintiff was taken to Waupun Memorial Hospital, where he had an X-ray taken and was subsequently told that his clavicle bone was broken and displaced. *Id.* Plaintiff was returned to the prison, and the health services unit ("HSU") was instructed to call the orthopedic doctor in one day. *Id.* HSU did not follow this instruction and instead waited nine days to even review the emergency room report. *Id.* Plaintiff complained to HSU about the bone moving and causing him pain in his chest. *Id.* at 2, 4. HSU responded that Plaintiff's injury was healing, but the X-ray had shown that the bone was displaced. *Id.* at 3.

Plaintiff wrote to Meisner for help. Weisnicht responded to him, but she did nothing to help. *Id.* Weisnicht stated that the bone was healing and that a provider had looked at his report. *Id.* On March 14, 2025, an X-ray showed a modest displacement of the fracture fragments. *Id.* On March 17, 2025, Plaintiff saw Dr. Nelson and was sent out for surgery on April 11, 2025. Plaintiff suffered in pain for two months with no help from HSU. *Id.*

**2.3 Analysis**

The Court finds that Plaintiff may proceed against Weisnicht on an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's serious medical needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Weisnicht. Plaintiff alleges delayed treatment for his broken clavicle and that he received no pain medication. As such, the Court finds that Plaintiff may proceed against Weisnicht on an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's serious medical needs.

The Court will not, however, allow Plaintiff to proceed against Meisner. Plaintiff generally alleges that he wrote to Meisner seeking medical treatment. Non-medical officials are entitled to "rely on the expertise of medical personnel" and "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)). It is only when a nonmedical official entirely ignores a prisoner's complaints or has sufficient notice of "an excessive risk to inmate health or safety" that he may be found deliberately indifferent for not taking action. *Id.* (quotation omitted). Here, Weisnicht responded to Plaintiff following his request to Meisner. Whether Plaintiff needed specific types of care following his injury, especially after he had already been taken to the hospital, is not the type of obvious issue that non-medical personnel would have notice of an excessive risk to Plaintiff's safety. As such, the Court will dismiss Defendant Meisner from this action for the failure to state a claim against him.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Weisnicht for her deliberate indifference to Plaintiff's serious medical needs.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, she is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Meisner be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **Weisnicht**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why she intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile

or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $348.30 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.